09-1404-cr
*USA v. Ekeagwu*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of March, two thousand ten.

PRESENT:

> DEBRA ANN LIVINGSTON,
> > *Circuit Judge,*[*]
> KIMBA M. WOOD
> > *District Judge.*[**]

---

UNITED STATES OF AMERICA,
> *Appellee*,

-v.-                                     No. 09-1404-cr
                                         Summary Order

JOACHIM CHIBUZOR EKEAGWU,
> *Defendant-Appellant*.

---

> Jonathan E. Green, Assistant United States Attorney (Benton J. Campbell, United States Attorney, and Susan Corkery, Assistant United States Attorney, *on the brief*), Eastern District of New York, Brooklyn, NY, *for Appellee*.

---

[*]The Honorable Rosemary S. Pooler, originally assigned to this panel, did not participate in the consideration of this appeal. The remaining two members of the panel, who are in agreement, have determined this matter. *See* Second Circuit Internal Operating Procedure E(b); 28 U.S.C. § 46(d); *United States v. Desimone*, 140 F.3d 457 (2d Cir. 1998).

[**]Kimba M. Wood, of the United States District Court for the Southern District of New York, sitting by designation.

Robin C. Smith, Brooklyn, NY, *for Defendant-Appellant*.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Dearie, *J.*).

UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court be AFFIRMED.

Defendant-Appellant Joachim Chibuzor Ekeagwu appeals from a judgment of conviction entered on February 26, 2009, following his guilty plea to the importation and possession with intent to distribute of 100 grams or more of heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(i), 952(a), 960(a)(1), 960(b)(2)(A). On appeal, he argues that the district court abused its discretion by failing to order a competency hearing prior to accepting his plea. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Upon its own motion, a court must order a hearing to determine the mental competency of a defendant "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a); *see also United States v. Hemsi*, 901 F.2d 293, 295 (2d Cir. 1990) (In determining whether a hearing is needed, a court considers "'whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding – and whether he has a rational as well as factual understanding of the proceedings against him.'" (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960) (per curiam))). "Determination of whether there is 'reasonable cause' to believe a defendant may be incompetent rests in the discretion of the court." *United States v. Vamos*, 797 F.2d 1146, 1150 (2d Cir. 1986).

2

We see no abuse of discretion here. There is no evidence that Ekeagwu lacked the ability to consult with his attorneys or did not understand the nature of the proceedings against him. Neither of his attorneys expressed any concerns regarding his competency to the court. To the contrary, during Ekeagwu's successive plea proceedings, both of his attorneys indicated to the court that he was competent and able to understand the proceedings. *See Vamos*, 797 F.2d at 1150 ("[S]ince incompetency involves an inability to assist in the preparation of a defense or rationally to comprehend the nature of the proceedings, failure by trial counsel to indicate the presence of such difficulties provides substantial evidence of the defendant's competence."). Ekeagwu was responsive to the court's questions, and confirmed that he understood the nature of the charges against him and the rights he would be giving up by pleading guilty. During his second plea hearing, the court itself noted, in response to a comment by counsel, that Ekeagwu "sound[ed] intelligent" and subsequently concluded that he was "acting voluntarily . . . [and] fully underst[ood] his rights, the consequences and possible consequences of his plea." *See id.* ("The question of competency to stand trial is limited to the defendant's abilities at the time of trial . . . . Accordingly, deference is owed to the district court's determinations based on observation of the defendant during the proceedings.").

Ekeagwu's concern regarding his decision to plead guilty is not evidence of incompetency, notwithstanding the fact that as a result of withdrawing his first plea, he lost the benefit of his plea agreement and ultimately received a longer sentence. The record indicates that when he withdrew his first plea and when he expressed concern regarding his second plea at sentencing, he did so because he believed there was a problem with the government's evidence. Although he was apparently never disabused of this notion, his second court-appointed attorney explained on the record that Ekeagwu had the opportunity to discuss his theory of the evidence both with counsel and with a family friend from Texas, also an attorney. Based on these conversations, Ekeagwu decided

3

not to proceed to trial, pleaded guilty a second time, and unambiguously admitted his guilt, stating that he "intentionally, knowingly came into this very country, having drug inside [his] system."

We have considered all of Ekeagwu's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk